1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  DAVID J. NEILL, State Bar No. 186997
   Supervising Deputy Attorney General
3  MATTHEW T. BESMER, State Bar No. 269138
   Deputy Attorney General
4   2550 Mariposa Mall, Room 5090
    Fresno, CA  93721
5   Telephone: (559) 477-1680
    Fax: (559) 445-5106
6   E-mail: Matthew.Besmer@doj.ca.gov
   *Attorneys for Real Party in Interest, California*
7  *Highway Patrol*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:15-cr-00346-DAD-BAM |
| Plaintiff, | **AMENDED PROTECTIVE ORDER** |
| v. | Date:        May 15, 2017<br>Time:       10:00 a.m.<br>Courtroom: 5 |
| **JOSE MIGUEL ALVAREZ,** | Judge:       Honorable Dale A. Drozd<br>Trial Date: TBA |
| Defendant. | |

Non-Party California Highway Patrol's Motion to Quash came before this Court on May 15, 2017, at approximately 10:00 a.m., in Courtroom 5. This Court, having ordered disclosure of records and/or other information pursuant to Defendant's Subpoena, issues the following protective order:

1. Records and other information ordered disclosed shall not be used to oppress, embarrass, or annoy the California Highway Patrol, officers, or any other individual to whom those records pertain; however, the parties understand that defense counsel will use such records and other information to investigate and file a motion to dismiss alleging selective enforcement and the parties agree that such use does not constitute a violation of this protective order.

2. Records and other information ordered disclosed shall be marked "Confidential Subject to a Protective Order."

3. Records and other information ordered disclosed must be stored and maintained by any party in receipt of the records or information at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

4. The records and other information ordered disclosed shall not be used for any purposes other than to for prosecuting, defending, or attempting to settle this action.

5. Unless otherwise ordered by the Court or permitted in writing by the CHP, the parties in this action may disclose the records and other information subject to this protective order only to:

(a) the parties' counsel of record in this action, and their employees when reasonably necessary to disclose information to them;

(b) the parties after they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

6. The records and other information ordered disclosed shall not be used for any purpose other than a court proceeding in this action pursuant to applicable law.

7. Unauthorized Disclosure. If either party learns that, by inadvertence or otherwise, it has disclosed records or information subject to this protective order to any person or in any circumstance not authorized under this Stipulated Protective Order, the party must immediately (a) notify in writing CHP of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the records or information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

Exhibit A.

8. Final Disposition. Within 60 days after the final disposition of this action, each party must return all copies of the records or information subject to this protective order, or destroy such material. Whether the records or information are returned or destroyed, the parties must submit a written certification to the CHP by the 60-day deadline that (1) identifies that the records or information, and all copies thereof, was returned or destroyed and (2) affirms that the party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the records or information.

IT IS SO ORDERED.

Dated: **May 15, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

Exhibit A

Acknowledgment and Agreement to be Bound

I, _____, of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United District Court for the Eastern District of California on

_____ in the case of _____

_____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

4